UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: PATRICK and TINA McGREGOR　　　　　　　　CASE NO. 07-13173-DWH

PATRICK and TINA McGREGOR　　　　　　　　　　　　PLAINTIFFS

VERSUS　　　　　　　　　　　　　　　　　ADV. PROC. NO. 08-1005-DWH

B-REAL, LLC　　　　　　　　　　　　　　　　　　　　DEFENDANT

## OPINION

On consideration before the court are motions for summary judgment filed by the plaintiffs, Patrick and Tina McGregor, (debtors), as well as, by the defendant, B-Real, LLC, (B-Real); responses to said motions having been filed by the respective party or parties in opposition; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The facts of this proceeding are essentially undisputed. B-Real filed an original proof of claim on January 4, 2008, in the amount of $365.00, and an amended proof of claim on February 4, 2008, for the same amount. B-Real admits that its original proof of claim and its amended proof of claim are barred by the statute of limitations, and, consequently, agrees that the claim should be disallowed.

As a result of the aforesaid claim being barred by the statute of limitations, the debtors filed the above captioned adversary proceeding against B-Real, setting forth the following counts, to-wit: 1) an objection to the original and amended proofs of claim; 2) a violation of Rule 3001, Federal Rules of Bankruptcy Procedure; 3) a violation of the statute of limitations; and 4) a violation of the automatic stay.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

IV.

Since admittedly there are no genuine issues of material fact in dispute, the court is of the opinion that the debtors are entitled to a judgment as a matter of law on Count 1 of the complaint. B-Real has admitted that its claim is barred by the applicable Mississippi statute of limitations. Therefore, the claim of B-Real will be disallowed pursuant to 11 U.S.C. §502(b)(1), which provides as follows:

> (b) Except as provided in subsections (e)(2)(f), (g), (h), and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -
> (1) Such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent unmatured...

V.

In Count 2 of their complaint, the debtors asserted that B-Real violated Rule 3001, Federal Rules of Bankruptcy Procedure. B-Real obviously included very little supporting documentation when it filed its initial proof of claim. However, as noted above, B-Real amended its proof of claim and included ample written evidence documenting the claim. Rule 3001(c) states that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with a proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.". Rule 3001(f) states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The fact that B-Real included no written documentation with its initial claim only means that the

claim had no prima facie evidence of validity and amount. *See, In re Stoecker,* 5 F.3d 1022, 1028 (7th Cir. 1993); *In re Moreno,* 341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Burkette,* 329 B.R. 820 (Bankr. S.D. Ohio 2005). *See also, Collier on Bankruptcy 15th Ed. Rev.* ¶ 3001.09[1]. Since B-Real amended its original proof of claim to include the appropriate documentation, its motion for summary judgment should be sustained as to Count 2. This is really of no consequence since B-Real has admitted that its claim is barred by the statute of limitations.

Count 3 of the debtors' complaint duplicatively raises the statute of limitations issue. The court has already found that the claim is barred by this defense. Therefore, the relief requested in Count 3 is subsumed by Count 1

Count 4 of the debtors' complaint alleges that B-Real violated the automatic stay by filing a statutorily barred proof of claim. Simply because B-Real's claim is barred by the statute of limitations does not mean that it can never be filed. The statute of limitations is an affirmative defense which can be waived if it is not raised. See, Miss. Rule of Civil Procedure 8(c). Indeed, the debtors raised this defense and B-Real's claim has been disallowed pursuant to 11 U.S.C. §502(b)(1). There is no provision in 11 U.S.C. §362(a) that prohibits a creditor from filing a proof of claim, even if that claim might be <u>potentially</u> barred by a statute of limitations. Therefore, the court is of the opinion that the filing of the original and amended proofs of claim by B-Real was not a violation of the automatic stay. B-Real's motion for summary judgment will be sustained as to Count 4.

## CONCLUSION

The court is of the opinion that the debtor's adversary proceeding complaint will be treated as an objection to B'Real's proof of claim, as amended. The court has reviewed several

precedents which have dealt with this identical issue. The overwhelming majority of these decisions conclude that there is no cause of action under the Bankruptcy Code for filing a proof of claim that is statutorily barred by a period of limitations. *See, In re Simpson*, 2008 WL 4216317 (Bankr. N.D. Ala. 2008); *In re Pearce*, Case No. 07-12123 (Bankr. E.D. La.); *In re Rosa*, Case No. 08-13226 (Bankr. E.D. Va.); *In re Andrews*, Case No. 08-00151 (Bankr. E.D. N.C.); *In re Middlebrooks*, 2008 WL 2705496 (D. Minn. 2008); *In re Pariseau*, 2008 WL 4542879 (Bankr. M.D. Fla 2008); *In re Williams*, Case No. 08-00030 (Bankr. M.D. Fla.); and *In re Varona*, 2008 WL 2150109 (Bankr. E.D. Va. 2008). This court agrees with the majority and finds that an objection to the offending claim is the appropriate mechanism to address the issue as opposed to filing an adversary complaint seeking damages.

As such, the objection to B-Real's proof of claim, as amended, is well taken and the debtors are granted summary judgment as to Count 1.

As to Counts 2 and 4, B-Real is entitled to a judgment as a matter of law. The debtors have asked for actual and punitive damages, as well as, for a show cause order to determine whether B-Real's procedures fulfill its obligations pursuant to Rule 9011, Federal Rules of Bankruptcy Procedure. The court is of the opinion that the debtors have sustained no actionable damages or punitive damages that could be awarded by this court, and no show cause order should be issued.

A separate judgment will be entered contemporaneously herewith consistent with this opinion.

This the 7th day of December, 2008.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE